The next case on for argument is Reches v. Morgan Stanley & Co. Mr. Susser, good morning. Yes, good morning, your honors, and may it please the court. My name is Bennett Susser, I'm an attorney with the law firm of Jardim, Meisner & Susser, and I'm here today for purposes of this appeal only on behalf of Plaintiff Benjamin Reches. The ultimate question in this action is whether Mr. Reches' service time while working at Morgan Stanley for certain periods of time, specifically November 1985 through December 1990 and June 1997, I'm sorry, May 1997 to June 2001 would qualify for being used to calculate his right to pension benefits. The answer to that question is not the 2004 plan that Morgan Stanley relies upon. The answer is going to be, the assistance to answer that question is going to be found in the relevant plan documents that were actually in effect from 1985 to 2000, from 1997 to 2001. Instead, Morgan Stanley, and unfortunately the district court, relied on the 2004 plan, notwithstanding the fact- What's the basis to believe the plan would make itself, would be available to a 1099 employee? Because certain plans do have that. Certain plans state that a 1099 employee, for purposes of calculating benefits, they're going to have the service time. Is there a reason to believe this plan does? We don't know. We're arguing that he also has his status being miscalculated. That's a different issue, that's a merit type thing. But without looking at the actual plan, we don't know how it's actually going to be calculated. But he worked there for 28 years, he's a sophisticated person. Don't you think he would ask around and say, gee, does this plan apply to people who aren't really employees here? It didn't affect him until it affected him, that's the problem. He first learned that he wasn't going to get credit for his- He gets 1099s every year for many years. That's correct, but he did not know that as a consequence of being designated as a 1099 employee, that time would not accrue for his pension benefits until June 2014, when he started receiving a pension. He was a leased employee for two periods, right? The Morgan Stanley has categorized him as that, yes. Does he dispute that? We dispute, that's not terminology that he would use. He wouldn't call- One of the entities was Pinkerton, and I forget the name of the other one. Does his paycheck come from Pinkerton and the other entity, or did it come from Morgan Stanley? It's not, again, that's not something on the record. I can't give you an answer. I assume that it would come from Pinkerton, but I don't know. So the 1099 says Pinkerton. The answer is I don't know. The case did not progress far enough for the record to have that piece of information. He doesn't know, is what you're telling me, since he's the plaintiff. He either knows or doesn't know where his paycheck came from all those years. That's true. The answer is I don't know. And he has not alleged where it comes from. Correct. The problem, though, is that, you know, he has- The problem is he's talking about something that happened 30 years ago. That's what the problem is. Do we even have any reason to think that anybody still has records of where his paycheck came from? Well, that's a fair point, but again, keep in mind, it's not just the misclassification. It's the actual and irrevocable repudiation that is at issue. You know what it reminds me of? I'll tell you that I'm an old product liability attorney. And I know in the asbestos litigation, for example, somebody's exposed to asbestos 35 years ago. But he doesn't have a cause of action for injuries at that point. He only has a cause of injury when he develops, maybe 35 years later, asbestosis, mesothelioma, some disease. This really isn't all that different. But let me try and understand the statute of limitations implications. You're saying there are two separate claims really that he's making. One claim is that he is not, never was, never should have been classified as anything but an employee from day one. The second thing you're asserting, apparently, is that even if he was properly classified, he may have been entitled to benefits as a 1099 employee, right? Those are the two separate arguments you're making? With respect to the first part, yes, we would argue, or he would argue, that the Department of Labor and the Internal Revenue Service codes would designate him as an appropriate employee eligible for the pension. Let's hold on that one for a second, I'll get back to the other one. Please. Why isn't that something that accrues at the time? If he thinks I'm not really, there are all kinds of reasons why you might be injured by being an employee, they don't have to wait until you retire. Why isn't that something that should have been raised at the time? Because it didn't have an impact on him until he retired. It didn't have an impact that he cared about, perhaps, but there are plenty of impacts, aren't there? No, it didn't have, well, it didn't have an adverse effect on him. He did not realize that it would, for example, affect his pension or the accrual of service time for the years that he was something other than a W-2 employee. Does he have health benefits? Again, I don't know, it's not on the record. Well, but I mean, you can't just leave out of the complaint all the things that make it problematic. He's talking about something that happened 30 years ago where he's classified as not an employee when every reasonable person understands that there are differences between being an independent contractor and being an employee. Everybody knows that most companies don't give the same benefits to the two, but there are certain advantages to being a 1099 employee. If you sit there and choose to work as a 1099 employee for years and don't question that classification, that's either because you wanted it that way, or at least it's because you think it's okay, or that there's no problem with their doing it. You're not objecting to that at the time. Well, again, I would urge the court to consider that. You've said that, hey, it has some impact, but I can't think of an example where it would have an impact to him while he was in the employee of Morgan Stanley. And so- I mean, he's getting all the benefits that an employee gets, as far as he knows. And that seems to me absurd on the face. That's an implausible claim unless somebody's going to come in and assert that and give some reason for it. I have a lot of trouble understanding why anybody can come in 30 years later and say back then they called me an independent contractor and I just didn't care. You know, I can't answer that question, and in large part I can't answer that question because I don't have the 1985, 1990, 1997, 2001 plan documents for all we know. And I'm guessing, I don't know, Morgan Stanley would know because they have the documents and they could have presented that in their motion papers and they didn't. But that could have resolved that answer. My question, just to understand what that is, I thought your other claim, as you just explained it, is that even if he was properly classified as a 1099 employee, it is possible that, though I guess he's not asserting or alleging that it is the case, that under the plans he should have gotten retirement benefits or accrued service benefits for that period, even as a 1099 employee. Depending on what the plan said, yes. And again, part of the problem with this whole situation is, and I think today is pro se day, he appeared in the district court without an attorney. He prepared his complaint without an attorney, and that kind of is problematic. I think that perhaps if he had an opportunity to amend the complaint, a lot of these things could be flushed out. But again, the most, you know, and I know my time- In paragraph six, he said he joined the defendant's firm as a leased employee, this is May 1997, as a leased employee from Contractors Resources. Yes. So maybe he could fill in the blanks a little more if he had the chance to amend his complaint. But what we do have is he represents himself as a leased employee of the leasing company a number of times in this complaint rather than Morgan Stanley's employee. And again, my understanding is, even though he used the term leased employee in the complaint, that terminology came from Morgan Stanley, and I understand that there- What he says is plaintiff's billing and payment was handled by leasing company. His payment was handled by leasing company. Okay. Is that Morgan Stanley's words? No, that would be his words. That's paragraph three of the last count, anyway, thank you. All right, now, Mr. Seltzer, you've reserved two minutes for rebuttal, and we'll hear from Mr. Holtzman. Thank you, Your Honors. Good morning, Your Honors, and may it please the court. I'm Robert Holtzman from Kramer 11, Neftalys and Frankel for the defendant, a poli, Morgan Stanley. This is the quintessential problem with the statute of limitations. Here we're looking at issues that occurred 30 years ago. Mr. Reches seeks to question the classification of his employment, his work for Morgan Stanley, as a leased employee going back as far as 1985. And continuing at various points and with different categorizations through 2001. So we're looking at a period from more than 30 years ago to just over 15 years ago, and what he seeks to question. His claim, as articulated in the complaint, is a misclassification claim. What he says, this is on Plaintiff's appendix, page 25 in section 8A of the complaint. He says, after carefully examining the pension plan document, 2012. Plaintiff has come to the conclusion that defendant Morgan Stanley willfully misclassified and miscalculated Mr. Reches's pension benefits. So it goes back to those classifications that occurred back in that time. What plaintiff does not respond to in their reply brief in any way are all of the cases that we cite. All of the misclassification cases, which universally find that the cause of action under ERISA for misclassification that results in the person having an effect on their eligibility for ERISA benefits accrues at the time of the misclassification and when the individual knows that they've been classified as an independent contractor or leased employee. And the cases are numerous. We cite them in our brief. Most of those cases are summary judgment cases, right? Judge Lynch's decision in Downs is a motion to dismiss case. It's very, very similar to this case and provides, I think, very good guidance on what the appropriate resolution is here. There, the court found that even the plaintiff's argument that it was premature to find that the plaintiff knew she hadn't been provided with benefits because it was simply an implausible argument. And the court says it blinks reality to assert that plaintiff, I'm replacing the name, remained unaware of this alleged breach for its consequences that she did not receive employee benefits, would have soon, if not immediately, been a parent. And that's the case here. Mr. Rechis in his- It depends what benefits you're talking about though, right? I don't remember what Ms. Downs was concerned with, but the quote you just read talks about it would be apparent that she wasn't getting benefits. May depend what benefits she's now worried about, right? The Downs case was an ERISA case. It was a pension case as well. So it's- But it was health care and vacation benefits too. I remember the district court in that case mentioned those as well. The court did, you're correct, Your Honor. That's one of the reasons. You go to a doctor, you got health insurance. She would have known at that time that she didn't have an employer health insurance program. And when she wasn't paid for vacation, she would have known. But this is a pension case. That's correct, Your Honor. But there are lots of pension cases. In all of the misclassification cases, the courts have found that the accrual occurs at the time of the alleged misclassification. It's universal. You haven't done that, right? That's the- No, that's correct, Your Honor. Universal judgment of district courts. And I suppose we are now confronted with deciding whether they're correct. Quite right, Your Honor. The court has not ruled on that before. Some other circuit courts have. I cite to a third circuit decision. There's also a first circuit decision that addresses that issue. Is this, and Mr. Susser raised an argument that surprised me, and maybe it's because I misread or misunderstood. The argument that actually, one part of Mr. Reckis' argument is that 1099 employees were entitled to accrued benefits. Is that something that was raised below? I don't see that, certainly in the complaint, Your Honor. I don't recall that being in any of the briefs below. And in fact, the plan is perfectly clear on that point. Mr. Susser objects to the plan document that we put into evidence. There is a plan. This is an ERISA plan. It exists under a plan. The plan has been amended over time, and Mr. Reckis is seeking benefits under the plan. The plan is the document that was before the district court. And the plan, it's actually two plans, one a pension plan, one an ESOP, is perfectly clear. And it's irrelevant whether or not Mr. Reckis was improperly classified as an independent contractor or a leased employee. The only question is whether he was classified as an independent contractor or a leased employee. And the district court did consider the ESOP documents in the summary plan document, right? That's correct, Your Honor. Yes. Although, I don't think it impacts the statute of limitations analysis, Your Honor. I think that comes up really under the failure- The reason I ask is it's a motion to dismiss, so usually you can't look at documents outside the complaint. Well, you certainly can when they're incorporated into the complaint. That was the district court's reasoning, right? Correct, Your Honor, because here, Mr. Reckis clearly references the pension plan and the ESOP again, and again, and again, and again in his complaint. And so, he's basically, it's essentially, ERISA is like a contract claim. It's essentially a contract between the company and the employer, and it's analyzed that way. He's seeking recovery under that contract, the plan. And so, he necessarily is claiming under that, references it all over the place in his complaint. He actually attaches the SPD from the summary plan description from both 2012 and 2013, which is also perfectly consistent with this. It says again, and again, and again, that the definition of employee excludes any person who is classified by a participating company, in this case, Morgan Stanley, as a leased employee, an independent contractor, or a consultant. And of course, if we go back and just decide it on the dates, it doesn't matter whether the plans are incorporated or not, right? I'm sorry, I didn't hear the first part. If we decided on the dates, I mean, if we essentially go back and accept the way that it is pleaded that he was a leased employee back at the time- That's correct, Your Honor. We don't even reach the issue of the contemplation of the plan. That's correct, Your Honor, because he has alleged, he's conceded that he was categorized that way. In addition, there are other arguments that the court below did not reach, but also would be sufficient to affirm the judgment below. And that would include the fact that he's not eligible in any circumstances to participate in the plans during those periods that he was categorized as an independent contractor and a leased employee. And in addition, with respect to the ESOP plan, he signed a settlement agreement in 2014 in connection with a charge of discrimination he filed before the EEOC. And in that, he clearly waived any rights, reserving only a few, which would include pension benefits. And that's why we don't make that argument with respect to the pension plan. But that's a fourth reason after the statute of limitations, failure to exhaust administrative remedies, and the terms of the plan themselves, and a fourth basis on which the court could affirm the decision below. If Your Honors have any further questions, I'd be happy to respond. Otherwise, we'll rest on our papers. Thank you, Mr. Holzman. You've reserved two minutes. I'll try to be quick. First of all, with respect to the statute of limitation cases that Morgan Stanley cited, let's start with downs. I have the Lexis case, 2004, US District Court. 10510, refer the court to page 11, star 11. Actually, star 10 and 11, where it says, It cites a number of cases, and it says that all of the district courts that have considered claims made by individuals who were classified or treated as independent contractors have held that the statute of limitations begins to run when the beneficiary first learns that she is considered an independent contractor and is therefore not entitled to benefits. That's an important and. The case also says it cannot seriously be maintained that Downs failed to realize that JP Morgan had not been providing her employee benefits for ten years. That's correct. Surely each time she visited a doctor, she didn't fail to notice that she didn't have health insurance paid for by JP Morgan. And every time she took a leave of absence for illness or vacation, she wasn't receiving any compensation from JP Morgan. Absolutely. That's not contradictory to Mr. Rechis's case. Mr. Rechis only started receiving benefits June 2014. That's timely. Six year statute of limitations. The other cases in the court astutely noted are summary judgment cases. They all, consistent with Downs, say it's both the elapsing of time, but also the knowledge that benefits were not being received, benefits were being- These cases all point out the problem that in a pension case, pension benefits, the statute of limitations will never run before the person retires and requests payments of his pension benefits. That's the evil or the problem that's addressed in all these cases, right? Not known, but with all due respect, no, not necessarily. Because if the participant is told that their time as an independent contractor, leased employee, will not accrue to the benefit of accrued time for pension benefits, then they're out. That's when the time would start. That's the repudiation. That's what the court has to look at, in my humble opinion. Second, real quick, because I know I'm running out of time. The 2004 plan is nowhere on the four corners on the face of the complaint. It is not, let alone, integral to the complaint. I'm puzzled by what plan we're talking about here. He references the plan and the SPD repeatedly. I take it he's talking about whatever plan was current as of the time of the complaint in 2016? He found a 2011-2012 plan, and he found it for purposes of a lot of the settlement that they were engaged in. That's kind of when he, for the first time, realized that there might be an issue. And it only came to fruition in June 2014 when he didn't receive benefits. But again, the relevant documents are the documents that were in effect when he was acting in a capacity other than a W-2 employee. 1985, 1990, 1997, 2001. We have a right under ERISA to see those plan documents. And before this complaint was dismissed, he should have had an opportunity to examine those things. If- He wouldn't have a statutory right if he wasn't a participant, would he? Is that circular? I think it's circular. But I mean, if you are, and the statute says that the participants have a right to get a copy of the plan. But if you're not an employee, like I don't have a right to Morgan Stanley's plan for asking for it. I'm not employed by them. So, but apart from that, he would have a discovery right, I suppose, in a litigation. Correct. But do you have a right to file a complaint that says under the plan as it existed in 1990 something, I, on information and belief, was entitled to accrued pension time even as a 1099 employee. When in fact he has no basis for thinking that at all other than he hopes that if he gets this in discovery, it will turn out that maybe he has a cause of action. Well, part of the problem is we don't know what benefits he may have received directly from Morgan Stanley, irrespective of what his capacity was from 1985 and 1990. And I've been doing this long enough to realize that there are instances where employers do give benefits to non-W2 employees. So I, and even though Mr. Rechis was not represented by counsel below, he was astute enough prior to the return date of the motion to dismiss to request as a discovery request those very documents. And he was not given an opportunity to obtain them by the district court. Lastly, Morgan Stanley's counsel brought up the settlement and the breach of contract, and we've briefed this. We claim that Morgan Stanley breached the contract by not making payment. So we are permitted to challenge. That was argued on, so I'm not sure what you're rebutting anyway, Mr. Susser, and you're significantly over your time. Okay, well I appreciate the court's indulgence. Thank you, your honors. Reserved decision in Rechis' case.